```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION at LONDON

CHRISTINE COLLETT              )
                               )
     Plaintiff,                )    Civil Action No.
                               )    6:11-cv-324-JMH
v.                             )
                               )
MICHAEL ASTRUE,                )    MEMORANDUM OPINION
Commissioner                   )        & ORDER
of Social Security,            )
                               )
     Defendant.                )
```

            \*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Christine Collett seeks review of the Commissioner's denial of her application for Supplemental Security Income. This matter is before the Court upon the parties' cross-motions for summary judgment [Record Nos. 12, 13].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion, grant the defendant's motion, and affirm the Commissioner's decision.

An Administrative Law Judge (ALJ) conducted a hearing on Collett's application for benefits on November 9, 2010, and issued a decision denying Collett's claim on December

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court. *See* LR 83.11(c).

3, 2010. The opinion became the final decision of the Commissioner when the Appeals Council declined to review Collett's appeal. Having pursued and exhausted her administrative remedies, it is from this decision that Collett now timely appeals. This matter is ripe for review and properly before this Court under 42 U.S.C. § 405(g).

This Court will affirm the Commissioner's decision if the decision is supported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). When deciding whether there is substantial evidence to support the Commissioner's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

This standard of review assumes, of course, that a claimant has made an argument and identified specific aspects of the ALJ's decision that allegedly lack support in the record. Where a claimant has not done so, the Sixth Circuit has:

> . . . decline[d] to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this

2

> evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in her brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (citation and quotation marks omitted)). This Court declines to do so, as well.[2]

Collett identifies the following issues in her appeal: (1) whether the ALJ met the required standard of giving appropriate weight to the opinion of the treating physician; (2) whether the ALJ gave adequate reasoning for refusing to accept the opinions of the treating physician; (3) whether the ALJ considered the combined effects of all the plaintiff's impairments without regard to whether any such impairments, if considered separately, would be of

---

[2] Additionally, the Court's Standing Scheduling Order [Record No. 10], General Order 09-13, also puts the parties on notice that "[t]he Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments" and that it "will consider only the arguments listed and will not formulate arguments on the parties' behalf."

sufficient severity to render plaintiff disabled; (4) whether the ALJ has considered the durational requirement of substantial gainful activity and not merely the ability to find a job and physically perform it; and (5) whether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming evidence.

Collett correctly recites the relevant legal standard on these issues, but the arguments presented are nothing more than conclusory statements. Collett's arguments are unsupported by meaningful citations to the record or any specifics relating to Collett's particular case. The broad general statements presented hardly suffice for an argument.

With respect to the first two arguments relating to the ALJ's discussion of the treating physician's opinion, Collett wholly fails to identify any opinion of her treating physician that conflicts with the ALJ's RFC finding, or any opinions that were not given appropriate weight. Collett also fails to identify which of the treating physician's "substantial limitations" were supported by "overwhelming evidence" and would have prevented a reasonable person from finding that Collett was

4

not disabled, as listed in her fifth issue for appeal. Collett states that "exertional and non-exertional limitations placed on this Plaintiff must be taken into consideration, and hypotheticals must be reasonably based on substantial evidence in the record," but fails to identify any limitations that weren't considered or factors that were omitted from the ALJ's hypotheticals. In fact, Collett fails to cite to any evidence in the record in support of any of these arguments, with the exception of a citation to two pages prepared by Dr. Zook listing Collett's physical limitations. Simply put, Collett fails to meaningfully develop any arguments for this Court's review. Without more, the Court would have to create Collett's argument for her, which it will not do. Accordingly, the Court deems these arguments waived. *See Hollon*, 447 F.3d at 491; *McPherson*, 125 F.3d at 995-96.

Collett also asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ did not consider the Collett's impairments in combination. However, she never identifies which aspects of her condition were not taken into consideration by the ALJ. In fact, the ALJ specifically states that Plaintiff "does not have an impairment or *combination of* impairments" that met one of the listed impairments, which demonstrates that the

ALJ did consider Collett's impairments as a whole. *Loy v. Sec'y of Health and Human Servs.,* 901 F.2d 1306, 1310 (6th Cir. 1990)("[I]ndividual discussion of multiple impairments does not imply that [an ALJ] failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings.") The Court is at a loss as to what argument Collett wishes to make in this regard and considers this issue waived. *See Hollon*, 447 F.3d at 491; *McPherson*, 125 F.3d at 995-96.

Finally, Plaintiff mentions an argument that the ALJ failed to consider a separate duration requirement of substantial gainful activity in Collett's list of issues. Plaintiff, however, fails to develop this argument at all and, thus, it too is waived.[3] *See Hollon*, 447 F.3d at 491

Having considered the briefs offered in this matter, the Court concludes that Collett has waived any objection she might have to the decision of the Commissioner since she has not raised any error in her briefing to this Court.

---

[3] The Court notes that Collett's counsel previously made this argument in numerous cases without citing or distinguishing contrary Sixth Circuit precedent. See *Clark v. Astrue,* 2011 U.S. Dist LEXIS 147910, at *9-*11 (E.D.Ky., Dec. 23, 2011) (Thapar, J.); *Treadway v. Astrue*, Case No. 5:11-cv-345-DCR, Record No. 10 (E.D.Ky., Jan. 18, 2012).

6

The decision of the Commissioner will be affirmed and a separate judgment entered.

Accordingly, **IT IS ORDERED**:

(1) that the Plaintiff's Motion for Summary Judgment [DE 12] is **DENIED**; and

(2) that the Defendant's Motion for Summary Judgment [DE 13] is **GRANTED**.

This the 2nd day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge